UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARENCE D. JOHNSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SHEETMETAL LOCAL 100, *et al.*,<br><br>Defendants. | Case No. C21-497-RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on its review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 8. On April 13, 2021, plaintiff attempted to file a motion for leave to proceed *in forma pauperis* (IFP), but the complaint was filed with pages missing, the proper IFP form was not submitted, and the complaint was not properly signed. See Dkts. # 1, # 2. On April 26, 2021, plaintiff filed the proper IFP form. See Dkt. # 6. The Court granted plaintiff's IFP application on April 29, 2021, and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. # 7. Plaintiff has yet to file a complete and properly signed complaint, despite previously being warned of these deficiencies via letter dated April 13, 2021. See Dkt. # 2 (citing Fed. R. Civ. P. 11). Plaintiff must correct these deficiencies in his complaint.

Additionally, this Court may dismiss an IFP case at any time if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

ORDER TO SHOW CAUSE - 1

§ 1915(e)(2)(B). And the Court must dismiss any action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing all jurisdictional facts. See United States v. Orr Water Ditch Co., 600 F.3d 1152, 1157 (9th Cir. 2010). Plaintiff has alleged that subject-matter jurisdiction exists on the basis of federal question jurisdiction. See Dkt. # 8 at 3 (box checked for federal question jurisdiction). However, where the complaint form offers space for plaintiff to list "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," plaintiff lists merely "International Law" and "Federal law," with absolutely no specificity as to which laws are at issue. Dkt. # 8 at 3. Given plaintiff's vagueness, it is entirely unclear whether subject-matter jurisdiction actually exists on the basis of federal question jurisdiction. A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff could satisfy this requirement by more specifically alleging which laws are actually at issue in his case.

Other sections of the complaint reflect similar deficiencies. In the sections of the complaint regarding "Statement of Claim" and "Relief," the complaint states only: "contact cochran law firm 1-800-843-3476." Plaintiff cannot simply refer the Court to call someone else to explain his complaint. The complaint itself must contain both a "short and plain statement of the claim" showing that he is entitled to relief and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Plaintiff's complaint currently fails to satisfy these essential requirements.

Plaintiff is therefore ORDERED TO SHOW CAUSE by filing an amended complaint on or before May 14, 2021, that establishes why the above-captioned matter should not be dismissed for any of the numerous deficiencies identified above.[1] Any amended complaint must

---

[1] The Court also wanted to bring to plaintiff's attention a discrepancy in how the complaint lists the parties. The complaint caption lists "Clarence D. Johnson" as the plaintiff and "Local 100 Sheetmetal Workers" as a defendant. Dkt. # 8 at 1. In the complaint's first section describing the parties to the complaint, however, the only plaintiff listed is "Sheetmetal Local #100." Dkt. # 8 at 1. In filing an amended complaint, plaintiff should take care in labelling any plaintiffs and defendants consistently to avoid confusion.

ORDER TO SHOW CAUSE - 2

state plaintiff's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.

The Clerk of the Court is directed to place this order to show cause on the Court's calendar for May 14, 2021.

DATED this 30th day of April, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3