UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHEETMETAL LOCAL 100, *et al.*, <br><br> Defendants. | Case No. C21-497-RSL <br><br> ORDER OF DISMISSAL |

This matter comes before the Court on its review of plaintiff's amended complaint. Dkt. # 12. On April 30, 2021, the Court found that the complaint in the above-captioned matter had various deficiencies, including that plaintiff failed to file a complete and properly signed complaint, and that the complaint failed to present a basis for jurisdiction and failed to adequately state a claim. Dkt. # 9. Plaintiff was ordered to show cause why the complaint should not be dismissed accordingly and was provided leave to file an amended complaint.[1] Id.

Plaintiff subsequently filed a letter, a response to the Court's Order, and an amended complaint, all of which neglected to adequately address the deficiencies the Court previously brought to plaintiff's attention. Dkts. # 10, # 11, # 12. Plaintiff's letter and response to the

---

[1] The deadline for filing the amended complaint was May 14, 2021, but plaintiff did not file it until May 15, 2021. Dkt. # 12. Nevertheless, the Court considered the filing for purposes of evaluating whether dismissal is appropriate.

ORDER OF DISMISSAL - 1

Court's Order fail to provide any persuasive force against dismissal of this matter.[2] Defendant does at one point characterize his jurisdiction as follows: "my jurisdiction is international all cases see International Criminal Courts Guidelines." Dkt. # 11 at 5. The amended complaint, however, is incomplete, as it does not address jurisdiction at all, and it does not contain a statement of the claim, Dkt. # 12, despite the Court's previous instructions. Dkt. # 9. Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). That said, the Court remains unable to determine the basis of plaintiff's claims against the named defendants. Plaintiff has already been given leave to amend, and the amended complaint falls far short of remedying the previously identified deficiencies. The Court finds no reasonable basis to conclude that the deficiencies can be cured by further amendment. Accordingly, IT IS HEREBY ORDERED that the above-captioned matter be DISMISSED with prejudice.

DATED this 18th day of May, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] Many portions of plaintiff's filings are nonsensical. See generally Dkts. # 10, # 11. For example, plaintiff's response contains a "motion for conflict resolution" that directs the reader to "go my [sic] law offices get a lawyer," and it proceeds to list various domestic and foreign political leaders. Dkt. # 11 at 2. For another example, plaintiff's response refers to a motion for speedy trial act and "motion for preindictments to be heard as soon as the Court can to solve our world[']s problems," but the above-captioned matter is a civil action, not a criminal matter. Dkt. # 11 at 3.

ORDER OF DISMISSAL - 2